104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Douglas GRANT, Plaintiff-Appellant,
v.
NEW YORK CITY DEPARTMENT OF CORRECTIONS, Catherine M. Abate,
Commissioner, Director of Bellevue Hospital,
Defendant-Appellees.
 No. 96-2469.
 United States Court of Appeals, Second Circuit.
 Dec. 23, 1996.
 
 1
 Appeal from the United States District Court for the Southern District of New York (Charles S. Haight, Judge).
 
 
 2
 APPEARING FOR APPELLANT: On Submission.
 
 
 3
 APPEARING FOR APPELLEES: On Submission.
 
 
 4
 S.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 Before CARDAMONE and PARKER, Circuit Judges and WEXLER,* District Judge.
 
 
 7
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was on submission by the appellant and appellees.
 
 
 8
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed on alternate grounds.
 
 
 9
 Douglas Grant, pro se, appeals from a judgment of the United States District Court for the Southern District of New York (Haight, J.) granting defendants' motion for summary judgment. Grant sued the New York City Department of Corrections, Commissioner Catherine Abate, and the Director of Bellevue Hospital under 42 U.S.C. § 1983 on the grounds that his rights under the Eighth and Fourteenth Amendments were violated when he was a pre-trial detainee. The basis for Grant's complaint was defendants' alleged delay in providing a prompt gastro-intestinal evaluation, requested by his treating physician at the jail clinic, to detect whether he suffered from intestinal cancer.
 
 
 10
 Grant and defendants made cross-motions for summary judgment. In a memorandum opinion and order filed on January 16, 1996, the district court denied Grant's motion and directed him to submit documentation proving that he suffered from the delay in medical treatment while in city custody. The court informed Grant that if he failed to provide evidence that he "suffers from a malignancy which could have been treated more effectively if detected earlier," the court would enter summary judgment in favor of the defendants. On May 15, 1996, after reviewing the new documents submitted by Grant which consisted of medical records, the district court filed an order granting the defendants' motion for summary judgment after concluding that Grant failed to demonstrate that he has colon cancer, and therefore was injured by defendants' actions. Grant argues on appeal that defendants' omissions caused him significant cognizable psychological injury of emotional stress and insomnia.
 
 
 11
 Because Grant's action arose while he was a pre-trial detainee, his claim is analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. Bryant v. Maffucci, 923 F.2d 979, 983 (2d Cir.1991). Although it is unclear whether the standard for pre-trial detainees is the same as the deliberate indifference standard, see Estelle v. Gamble, 429 U.S. 97, 104 (1976), or if "gross negligence" or "recklessness" would support a due process claim, this Court has held that the standard would, at the very least, require more than ordinary negligence. Bryant, 923 F.2d at 984. Other elements for an Eighth Amendment medical care claim appear to apply to pre-trial detainees. See, e.g., Gray v. Spillman, 925 F.2d 90, 94-95 (4th Cir.1991) (finding jailer was not liable because pre-trial detainee did not have serious medical need); Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 207-09 (1st Cir.1990) (concluding that pre-trial detainee's injuries were not serious medical needs).
 
 
 12
 In order for Grant to have a successful claim, he had to show that he had a "serious medical need" which was not adequately treated. See Hathaway v. Coughlin, 99 F.3d 550 (2d Cir.1996) (Hathaway III) (Eighth Amendment claim). This Court defined a serious need in Hathaway as "a condition of urgency, one that may produce death, degeneration or extreme pain." Id. at 553 (quoting Hathaway II). Another recent case decided by this Court looked at whether the consequences "adequately meet the test of 'suffering' that [Estelle v. ]Gamble recognized is inconsistent with 'contemporary standards of decency,' " to determine if the prisoner had a serious medical need. Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir.1996) (finding uncorrected double vision and depth perception to be a serious need).
 
 
 13
 We affirm the district court's ruling in favor of defendants on their summary judgment motion as Grant was unable to show that he exhibited a serious medical need which was inadequately treated. The defendants responded to Grant's complaints of pain by treating him for his hemorrhoids. The gastro-intestinal evaluation was an additional step in insuring that the doctors adequately treated Grant's condition. The documentation that a test be performed does not itself create a serious need, as that requirement is defined in Hathaway. Furthermore, because Grant did not return to Heyman after his recommendation for a gastro-intestinal evaluation, the defendants had no way of knowing whether he was suffering psychologically as a result of the delay in the evaluation.
 
 
 14
 Alternatively, we find that the failure to schedule a gastro-intestinal evaluation prior to Grant's departure from city custody was not above, and may not even have met, a level of negligence. Grant's treating physician first requested the performance of a gastro-intestinal evaluation on April 3, 1992. Grant was scheduled to have the evaluation on July 13, 1992, but was transferred on June 15, 1992. Furthermore, Grant does not allege that defendants' intentionally failed to provide him an earlier gastro-intestinal evaluation, nor is there any evidence in the record to support such an allegation. See Bryant, 923 F.2d at 984 (finding failure of defendants to schedule abortion prior to legal limit for termination due to administrative delay to be at most simple negligence). Moreover, there is no indication that Grant requested an earlier date for the evaluation, which by itself strongly suggests that his psychological distress was minimal.
 
 
 15
 Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 Of the United States District Court for the Eastern District of New York, sitting by designation