**Gerald CODERRE, Plaintiff–Appellant,**

v.

**Edwar PESANTI, MD; Edward Blanchette, MD; Dr. Germain Bianchi; E. White, Nurse, Defendants–Appellees,**

respondent in this matter. *See* Fed. R.App. P. 43(c)(2).

John Doe, I/O, Defendant.

No. 05–5403–pr.

United States Court of Appeals,
Second Circuit.

June 20, 2006.

Gerald Coderre, pro se, Norwalk, CT, for Appellant.

Anne E. Lynch, Assistant Attorney General, State of Connecticut, Hartford, CT, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, CHESTER J. STRAUB, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Gerald Coderre appeals *pro se* from an order of the District Court, *Coderre v. Pesanti*, 3:02–CV–1096, 2005 WL 2481453, 2005 U.S. Dist. LEXIS 22787 (D.Conn. Sept. 30, 2005), which granted defendants' motion for summary judgment and dismissed plaintiff's complaint. Plaintiff initially alleged a violation of his Eighth Amendment rights by medical personnel at the Connecticut Department of Corrections on the grounds that he requested and was denied Interferon treatment for hepatitis.

To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834–35, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The deliberate indifference standard is comprised of an objective and subjective component. "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.1996) (internal quotation marks omitted). "Subjectively, the charged official must act with a sufficiently culpable state of mind," *id.* (internal quotation marks omitted), meaning "something more than mere negligence," and akin to criminal recklessness, *see id.*

Upon a review of the record, we conclude that plaintiff has not raised a genuine issue of material fact as to whether he had a serious medical need, *Farmer*, 511 U.S. at 835, 114 S.Ct. 1970, for the treatment he requested, and that the evidence proffered by plaintiff supports, at most, a showing of negligence, and not one of "deliberate indifference" as is required to support an Eighth Amendment claim, *id.; see Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir.2004) (holding that although "[a hepatitis] infection is unquestionably a serious problem, the Eighth Amendment issue is not whether the infection itself is a serious medical need, but rather whether [the prisoner] had a serious medical need for prompt interferon treatment.") (internal quotation marks omitted).

Accordingly, we **AFFIRM** the judgment of the District Court, substantially for the reasons provided by Judge Chatigny in his Ruling and Order of September 30, 2005, *Coderre*, 2005 WL 2481453, 2005 U.S. Dist. LEXIS 22787.