Anthony FOX, Plaintiff–Appellant,

v.

Brian FISCHER, Superintendent, Perilli, Dr., Bakshu, M.D., P.A. Mutha, E. Hanssen, Thomas Eagan, C.O.R.C. Dir. D.O.C.S., Defendants–Appellees.

No. 05–4440–pr.

United States Court of Appeals, Second Circuit.

July 20, 2007.

Appeal from the United States District Court for the Southern District of New York (Mukasey, J.).

Anthony Fox, plaintiff-appellant, pro se.

Eliot Spitzer, Attorney General of the State of New York, Robert E. Easton, Deputy Solicitor General, Julie Loughran, Assistant Solicitor General, New York, NY, for defendants-appellees.

Present: ROSEMARY S. POOLER, B.D. PARKER, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Anthony Fox appeals the district court's decision dismissing his

complaint for failure to state a claim and on the basis of qualified immunity. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). To establish an Eight Amendment claim for medical indifference, Fox must prove that defendants were deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834–35, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To satisfy this standard, Fox must prove both objective and subjective elements. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.1996). "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists. Subjectively, the charged official must act with a sufficiently culpable state of mind." *Id.* (internal quotation marks and citations omitted). In this case, the district court correctly found that appellees were not deliberately indifferent to Fox's medical problems, given that he received substantial medical treatment for his ear and sinus problems while at Sing Sing, including treatment by a specialist, x-rays, and two courses of antibiotics. Although Fox alleges that the treatment he received at Sing Sing was insufficient and ineffective, such a claim is, at best, a medical malpractice claim. *See id.; see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Further, the fact that he was provided Claritin as a substitute for Allegra fails to establish deliberate indifference to a serious medical need, because there is no allegation that the change in medication caused harm, if any, sufficiently serious to establish the objective prong of a deliberate indifference claim, *see Hathaway*, 99 F.3d at 553, and there is no indication that defendants made the substitution with a sufficiently culpable state of mind, i.e., aware of the fact that substitution created a "risk of serious harm," *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970.

With respect to the conspiracy claim, because Fox's complaint fails to state an Eighth Amendment claim, he has failed to allege any illegal activity on the part of defendants.

Because we find that the district court correctly dismissed Fox's complaint for failure to state a claim, we affirm the judgment of the district court.