Maher MOBASHER, Plaintiff–
Appellant,

v.

BRONX COMMUNITY COLLEGE OF the CITY OF NEW YORK, Dr. Carolyn Williams, Mary Coleman, Vice President of Administration and Finance, David Taylor, Associate Dean of Administration and Finance, Defendants–Appellees.

No. 05–0093–cv.

United States Court of Appeals,
Second Circuit.

March 13, 2008.

Wayne J. Schaefer, Law Offices of Wayne J. Schaefer, LLC (Wayne J., Schaefer, of Counsel), Melville, N.Y., for Plaintiff–Appellant.

Jane L. Gordon (Edward F.X. Hart, of Counsel), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y., for Defendants–Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Maher Mobasher ("Plaintiff") filed the instant Amended Complaint against Defendants–Appellants Bronx Community College, Carolyn Williams, Mary Coleman, and David Tay-

lor (collectively, "Defendants") in October 2002, pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e–2, 2000e–3), the Age Discrimination in Employment Act (29 U.S.C. § 623(a)(1), (d)), and state and local law, including the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.* He alleged discrimination on the basis of his age, national origin, race, and gender.[1] He now appeals from a December 9, 2004 judgment of the United States District Court for the Southern District of New York (Conner, *J.*), entered following a jury verdict in favor of Defendants. We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

■ Plaintiff's first challenge is to the jury instructions. He claims that the District Court committed reversible error when it referred to the burden-shifting framework of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and, further, when it stated that an element of Plaintiff's prima facie case was "in dispute."

We review jury instructions *de novo*. *Hudson v. New York City*, 271 F.3d 62, 67 (2d Cir.2001). "A jury charge is erroneous if it misleads the jury as to the correct legal standard, or if it does not adequately inform the jury of the law." *Hathaway v. Coughlin*, 99 F.3d 550, 552 (2d Cir.1996). In other words, "this Court need only 'satisfy itself that [the] instructions, taken as a whole and viewed in light of the evidence, show no tendency to confuse or mislead the jury as to principles of law which are applicable.'" *Id.* at 552–53 (alteration in original) (quoting *Norfleet v. Isthmian Lines, Inc.*, 355 F.2d 359, 362–63 (2d Cir. 1966)). "An erroneous instruction requires a new trial unless the error is harm-

less," *i.e.*, unless "it is clear that [the error] did not influence the jury's verdict." *Boyce v. Soundview Tech. Group, Inc.*, 464 F.3d 376, 390 (2d Cir.2006) (internal quotation marks omitted).

The District Court's instructions were indeed erroneous. First, those instructions took the jury through each step of the *McDonnell Douglas* burden-shifting framework, which we have said "undoubtedly constitutes error." *Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 758 (2d Cir.2004). The language used in the traditional *McDonnell Douglas* formulation, "developed by appellate courts for use by judges," "is at best irrelevant, and at worst misleading to a jury." *Gordon v. N.Y. City Bd. of Educ.*, 232 F.3d 111, 118 (2d Cir.2000) (internal quotation marks omitted); *accord Cabrera v. Jakabovitz*, 24 F.3d 372, 381–82 (2d Cir.1994).

■ Nevertheless, we conclude that this error was harmless. After Judge Conner discussed the various "steps" of the *McDonnell Douglas* framework, he told the jury that it was now at

> the final step … under which you must determine whether plaintiff has proven by a preponderance of the evidence that the stated reasons put forth by defendants are not the true reasons for their employment actions with respect to him but rather are only a pretext or excuse to cover up their true motive to discriminate against him on the basis of his race, national origin or age.

And again, at the close of his instructions to the jury, Judge Conner stated, "The plaintiff must prove to you by a preponderance of the evidence that race, national origin or age was more likely the reason for the defendants' employment decisions

---

1. Plaintiff withdrew his gender discrimination claim, as well as his claims against the individual defendants in their individual capacities, on December 2, 2004, before the jury rendered its verdict.

with respect to the plaintiff than the reasons given by the defendants." These clear directives focused the jury on the appropriate inquiry. Meanwhile, we have no reason to believe that the improper and superfluous aspects of the jury instructions influenced the jury's verdict in any way. *See Sanders*, 361 F.3d at 758–59.

Plaintiff has also challenged two of the District Court's evidentiary rulings: the admission of testimony about the race of certain individuals whom Defendant Coleman had hired or with whom she had worked, and the exclusion of evidence offered to show why Defendants decided to lower Plaintiff's salary following their refusal to include him in the Executive Compensation Plan ("ECP") (*i.e.*, evidence that would tend to show that Defendants' legitimate, non-discriminatory reasons were pretextual).

We review a district court's evidentiary rulings for abuse of discretion. *See United States v. Anglin*, 169 F.3d 154, 162 (2d Cir.1999). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir.2001) (footnotes omitted). If a district judge improperly admits or excludes evidence, reversal is warranted only if the error "affects a substantial right—that is, if the error had a substantial and injurious effect or influence on the jury's verdict." *United States v. Rigas*, 490 F.3d 208, 222 (2d Cir.2007) (internal citations and quotation marks omitted).

■ As for the District Court's decision to admit testimony regarding the race of particular individuals who worked with and for Coleman at Bronx Community College, it was not an abuse of discretion. This testimony was probative and admissible because it has a "tendency to make the existence of a[ ] fact that is of consequence to the determination of the action … less probable than it would be without the evidence." Fed.R.Evid. 401. Specifically, it tends to show that, insofar as Coleman was responsible for the adverse employment actions that Plaintiff has identified, those actions were not motivated by discrimination.

■ As for the District Court's decision to exclude evidence that Plaintiff considers probative of pretext, it was also not erroneous. Judge Conner gave Plaintiff ample time to elicit testimony from Coleman about the workings of the ECP. His decision to cut off this line of questioning after about half an hour was well within his discretion. *See* Fed.R.Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). It was also within Judge Conner's discretion to refuse to allow Plaintiff to testify that business managers at other colleges within the City University of New York were allowed to transfer into the ECP. Plaintiff had not established that those individuals were comparably situated. *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 166 (2d Cir.1998) (holding that, for purposes of determining the plaintiff's backpay award, evidence of other individuals' salaries is relevant "only insofar as the plaintiff lays a sufficient foundation to permit the reasonable inference that his salary would have matched or been pegged to the salaries of others," and "[t]he trial court has considerable discre-

tion to determine whether there is such a sufficient foundation").

We have considered all of Plaintiff's arguments and we find them without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.