**Nickoyan WALLACE, Plaintiff– Appellant,**

v.

**B. DAWSON, D.D.S.; S. Liberty, P.A., Defendants–Appellees.**

No. 07–0864–pr.

United States Court of Appeals, Second Circuit.

Dec. 11, 2008.

---

Nickoyan Wallace, pro se, Ray Brook, NY.

Paula Ryan Conan, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York), Syracuse, NY, for Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Nickoyan Wallace, *pro se,* appeals from the judgment of the district court, dismissing his complaint against defendant-appellee Bryan Dawson, D.D.S., and granting summary judgment to defendant-appellee S. Liberty. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See, e.g., Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir.2008). We "construe[ ] liberally" the pleadings of *pro se* litigants, looking at them "with a lenient eye, allowing borderline cases to proceed." *Phillips v. Girdich,* 408 F.3d 124, 127–28 (2d Cir.2005)

(citation and internal quotation marks omitted).

■ Wallace seeks relief against Dawson pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, Wallace's situation is materially indistinguishable from *Cuoco v. Moritsugu,* 222 F.3d 99, 107–09 (2d Cir.2000), in which such relief was held unavailable, and his claim against Dawson is therefore foreclosed. Because Dawson is a dentist and member of the Public Health Service, Wallace is barred from seeking *Bivens* damages for injuries allegedly caused by Dawson within the scope of his employment. 42 U.S.C. § 233(a); *see also Cuoco,* 222 F.3d at 107–09. Wallace's sole remedy for these injuries caused by Dawson's actions is "against the United States under the Federal Tort Claims Act." *Id.* at 107. Of course, "Congress could not, by the simple expedient of enacting a statute, deprive [Wallace] of [his] constitutional ... rights." *Id.* at 108; *see also Carlson v. Green,* 446 U.S. 14, 18–19, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). However, under these circumstances, where Wallace seeks merely financial relief, the United States "stand[s] in [Dawson's] place financially when [he is] sued for the performance of [his] medical duties," thereby providing an "equally effective" "alternative remedy" to a *Bivens* action. *Cuoco,* 222 F.3d at 108. For these reasons, the district court did not err in dismissing Wallace's *Bivens* claim against Dawson.

We review judgments based on orders granting summary judgment *de novo* to determine whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g., Vacold LLC v. Cerami,* 545 F.3d 114, 121 (2d Cir.2008).

We draw all reasonable factual inferences in favor of the nonmovant. *Id.*

■ To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must establish that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan,* 511 U.S. 825, 834–35, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The deliberate indifference standard is comprised of an objective and subjective component. *Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir.1996). "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Id.* (citation and internal quotation marks omitted). "Subjectively, the charged official must act with a sufficiently culpable state of mind," meaning "something more than mere negligence" and akin to criminal recklessness. *Id.* (citation and internal quotation marks omitted).

Dental injuries can be sufficiently serious to trigger Eighth Amendment protection. *See Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998). That said, viewing the record in the light most favorable to Wallace, his injury was not objectively serious enough to trigger such protection. Therefore, even if Liberty knew of the injury but failed to examine Wallace (which the record suggests was not the case in any event), the actions would not amount to deliberate indifference. *See Hathaway,* 99 F.3d at 553. Accordingly, the district court correctly granted summary judgment to Liberty.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.