07-5253-pr
Boykin v. Commissioner of NYS DOCS

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of November, two thousand nine.

PRESENT: JOSEPH M. McLAUGHLIN,
         RICHARD C. WESLEY,
              *Circuit Judges*,
         LAWRENCE E. KAHN,[*]
              District Court.

_____

Connie Boykin,

         *Plaintiff-Appellant*,

                v.                          07-5253-pr

Commissioner of NYS DOCS, Harold McKinney,
Warden, Mt. McGregor Correctional Facility,
Commissioner of Health and Hospital for
NYS DOCS, Medical Supervisor, Crook, Dr.,
Helen Atwell, Medical Nurse, Mt. McGregor
Correctional Facility,

         *Defendants-Appellees*.

---

[*]Lawrence E. Kahn, Senior Judge of the United States District Court for the Northern District of New York, sitting by designation.

_____

FOR APPELLANT: CONNIE BOYKIN, *pro se*, Warwick, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Connie Boykin, *pro se*, appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), *sua sponte* dismissing his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's *sua sponte* dismissal under § 1915(e). *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001).

To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994). Deliberate indifference has two necessary components, one objective and the other subjective. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1994). Objectively, the deprivation must be "sufficiently serious," creating a risk of "death,

degeneration, or extreme pain." *Id.* (internal quotation marks omitted). Subjectively, the official must have the requisite state of mind, the "equivalent of criminal recklessness." *Id.* An accident alone is not enough, even if that accident results in suffering. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

Here, the district court properly found that Appellant's claim that Appellee Atwell had injected him with the wrong medication did not state a claim of deliberate indifference to his medical needs. The complaint clearly alleged that the injection was accidental, and Appellant on appeal describes Atwell as acting negligently.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

3