08-1772-pr
Victor v. Milcevic

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HERMAN VICTOR,

    *Plaintiff-Appellant,*

  v.                      No. 08-1772-pr

RAELENE MILICEVIC, M.D., RICHARD LAUX, Physician's Assistant, JOHN BURGE, Superintendent,

    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**    Herman Victor, *pro se*, Malone, NY.

**FOR APPELLEE:**    Andrew M. Cuomo, Attorney General of the State of New York (Barbara D. Underwood, Solicitor General, Nancy A. Spiegel and Owen Demuth, Assistant Solicitor Generals, *on the brief*), Albany, NY.

1

Appeal from a March 31, 2008 judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

New York State prisoner Herman Victor, *pro se*, appeals from a decision of the District Court granting summary judgment to defendants on Victor's claims under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment and retaliation in violation of the First Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

We review the grant of summary judgment *de novo*, asking whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g.*, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we resolve any ambiguities and draw all permissible factual inferences in favor of the non-movant. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). Despite this deference, a non-movant cannot defeat a motion for summary judgment merely through conclusory statements or allegations. *See Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

I.      **Deliberate Indifference**

To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference has two necessary components, one objective and the other subjective. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Objectively, the deprivation must be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." *Id.* Subjectively, the official must have the requisite state of mind, which is the "equivalent of criminal recklessness." *Id.* Generally, "mere allegations of negligent malpractice do not state a claim of deliberate indifference." *Id.*

The Supreme Court has explained that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle*, the plaintiff asserted that prison medical personnel failed to diagnose and treat his back injury and advanced a number of alternative treatments that were not pursued. *See id.* at 107. The Court noted that medical decisions such as whether or not to order X-rays or other "diagnostic techniques" do not rise to the level of cruel and unusual punishment but are, at most, indicative of medical malpractice. *Id.*

Here, the District Court properly determined that Victor had submitted insufficient evidence for a reasonable fact-finder to conclude that Dr. Milicevic provided constitutionally inadequate

treatment to Victor. First, the record revealed that, contrary to Victor's contention, Dr. Milicevic did see and treat Victor after he complained of back pain from a fall. Moreover, here, as in *Estelle*, the failure to order an MRI of Victor's back did not rise to the level of deliberate indifference. *See id.* Dr. Milicevic saw Victor on a number of occasions, and she stated that she had prescribed him medications, approved laboratory testing, and given orders restricting his physical activity. Whether to order an MRI or similar diagnostic treatments "is a classic example of a matter for medical judgment," *id.* at 107, and where the treatment provided is responsive to the prisoner's condition, which Dr. Milicevic's treatment was, "the fact that a prisoner might prefer different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Second, as to Victor's allegation that Dr. Milicevic cancelled his physical therapy appointments after only one visit, the record clearly revealed that Victor's refusal to attend his appointments on three occasions led to the eventual cancellation of his physical therapy. Finally, to the extent that Victor now asserts in this Court that Dr. Milicevic did not treat his HIV or Hepatitis C, this argument was not raised below and, as a result, cannot be brought for the first time on appeal. *See, e.g.*, *In re Flanagan*, 503 F.3d 171, 182 (2d Cir. 2007) (explaining that we generally do "not consider arguments raised for the first time on appeal," especially where additional factfinding is necessary).

The District Court also correctly concluded that Victor failed to demonstrate that Laux was deliberately indifferent to his serious medical needs because the ten-month delay in receiving a liver biopsy was the result of Laux's belief that Victor did not meet the Department of Correctional Services' ("DOCS") criteria for such a procedure. Moreover, the delay was due to conflicting opinions from consulting doctors on the proper course of treatment; once the doctors were in agreement that a liver biopsy was safe, such a biopsy was ordered and performed. Victor now claims on appeal that Laux (1) failed to treat his back pain and (2) failed to treat his HIV and Hepatitis C. There is, however, only one reasonable interpretation of the record: Laux, in fact, adequately treated his back pain by prescribing pain medication, providing orders restricting his walking and climbing stairs, and ordering orthopedic consultations. Victor's HIV and Hepatitis C were also adequately treated, as Victor was seen by at least three doctors—two of whom were specialists—regarding his Hepatitis C and at least one doctor specializing in infectious diseases regarding both his Hepatitis C and HIV. Accordingly, the District Court correctly granted defendants' motion for summary judgment as to Victor's claims for deliberate indifference.

3

**II.     Retaliation**

To show retaliation in violation of the First Amendment, a plaintiff must demonstrate that constitutionally protected conduct was a substantial or motivating factor for a prison official's adverse action. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). Here, Victor failed to state a retaliation claim, as Victor did not establish that there was a causal connection between his filing a grievance and a ten-month delay in receiving a liver biopsy. Indeed, as discussed above, the evidence supports Laux's contention that he did not order the biopsy because (1) he believed Victor did not meet DOCS criteria and (2) consulting doctors had conflicting opinions on the course of treatment. The alleged adverse action, therefore, was justified. *See id*. at 138. To the extent that Victor asserts on appeal that Laux also retaliated against him by failing to order an MRI of his back, this contention is without merit, as the record demonstrates that Laux, in fact, requested an MRI of Victor's spine in 2003. Therefore, the District Court correctly granted summary judgment to Laux as to Victor's retaliation claim.

**CONCLUSION**

We have reviewed all of Victor's arguments on appeal and found each of them to be without merit. For the reasons stated above, the March 31, 2008 judgment of the district court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

4