10-2548-pr
Cole v. Fischer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand eleven.

PRESENT:   JOSEPH M. McLAUGHLIN,
                      GUIDO CALABRESI,
                      REENA RAGGI,
                                   *Circuit Judges*.

-----------------------------------------------------------------------
RONNIE COLE,
                                   *Plaintiff-Appellant*,


                      v.                                                   No. 10-2548-pr

BRIAN FISCHER, COMMISSIONER OF CORRECTIONS, ROBERT KIRKPATRICK, SUPERINTENDENT W.C.F., SUSAN SCHUMACHER, DEPUTY SUPERINTENDENT OF ADMINISTRATION/ACTING SUPERINTENDENT W.C.F., LESTER N. WRIGHT, DEPUTY COMMISSIONER/CHIEF MEDICAL OFFICER N.Y.S.D.O.C.S., SUSAN POST, DEPUTY SUPERINTENDENT FOR HEALTH W.C.F., M. CLEMENS, MEDICAL DIRECTOR W.C.F., STANLEY L. BUKOWSKI, MEDICAL DOCTOR W.C.F., JENNIFER WREST, NURSE PRACTITIONER W.C.F., DONNA CONSTANT, STATEWIDE DIRECTOR OF NURSING SERVICES

N.Y.S.D.O.C.S., B. AIELLO-HOWE, STATEWIDE
DIRECTOR OF NURSING SERVICES
N.Y.S.D.O.C.S., SALLY BAXTER, NURSE
ADMINISTRATOR I N.Y.S.D.O.C.S., A. SHERIDAN,
LIEUTENANT W.C.F., JOYCE RADDER,
REGISTERED NURSE W.C.F., R. NAGEL,
REGISTERED NURSE W.C.F.,

       *Defendants-Appellees.*

-----------------------------------------------------------------------

FOR APPELLANT:  Ronnie Cole, *pro se*, Rome, New York.

FOR APPELLEE:  Barbara D. Underwood, Solicitor General (Andrea Oser, Deputy Solicitor General, Martin A. Hotvet, Assistant Solicitor General, of Counsel, *on the brief*), *for* Andrew M. Cuomo, Attorney General of the State of New York, Albany, New York.

Appeal from the United States District Court for the Western District of New York (Hugh B. Scott, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 25, 2010, is AFFIRMED.

New York State prisoner Ronnie Cole appeals pro se from an award of summary judgment in favor of defendants on Cole's 42 U.S.C. § 1983 claims alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment and First Amendment retaliation. We review the grant of summary judgment de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor" of Cole. Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). Despite this deference, a non-movant cannot defeat a motion for summary judgment merely through conclusory statements or allegations. See Davis v. New York, 316 F.3d 93, 100 (2d Cir.

2

2002). In applying these principles, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Deliberate Indifference

To substantiate his Eighth Amendment claim, Cole was obliged to adduce evidence of defendants' deliberate indifference to a serious medical need. See Salahuddin v. Goord, 467 F.3d 263, 279-81 (2d Cir. 2006). Deliberate indifference has two necessary components, one objective and the other subjective. See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). Objectively, the deprivation must be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." Id. (internal quotations omitted); accord Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005). Subjectively, the official must have acted with the requisite state of mind, the "equivalent of criminal recklessness." Hathaway v. Coughlin, 99 F.3d at 553. Generally, a prisoner's "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Id.; see Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

Here, the record reveals, as a matter of law, that Cole failed to state a cognizable claim of deliberate indifference because the alleged deprivation – use of a makeshift hot-pack to treat Cole's chronic back pain, inadvertently resulting in a small second-degree burn – was not sufficiently serious to cause possible death, degeneration, or extreme pain, or "offend evolving standards of decency." Estelle v. Gamble, 429 U.S. at 106 (internal quotation marks omitted). We need not address Cole's claim that the magistrate judge improperly

3

resolved certain issues of fact because the disputed issues are not material to Cole's indifference claim. To the extent Cole now asserts that defendants' treatment of his burn was inadequate, this argument was not raised below and is not appropriately brought before this Court for the first time on appeal. See In re Flanagan, 503 F.3d 171, 182 (2d Cir. 2007) (stating that, generally, this court "will not consider arguments raised for the first time on appeal," especially where additional factfinding is necessary). In any event, the medical records do not support Cole's new allegations. Accordingly, summary judgment was appropriate.

2.    Retaliation

To show retaliation, Cole was required to present evidence that his constitutionally protected conduct in filing past grievances was a substantial or motivating factor for a prison official's adverse action. See Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003). The record fails to support an inference of the requisite causal connection between Cole's grievances and the misbehavior report filed against him. Rather, the evidence reveals that, at the disciplinary hearing triggered by the report at issue, Cole admitted the alleged misconduct. The adverse action, therefore, appears independently justified. See id. at 138. Thus, the district court correctly granted summary judgment on Cole's retaliation claim.

3.      Conclusion

We have reviewed Cole's remaining arguments on appeal and conclude that they are

without merit.  Accordingly, we AFFIRM the judgment of the district court.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court