10-4945-pr
Bryant v. Wright

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of December, two thousand eleven.

PRESENT:   JOHN M. WALKER, JR.,
           REENA RAGGI,
           SUSAN L. CARNEY,
                *Circuit Judges*.

---------------------------------------------------------------------------------

JOHN BRYANT,
           *Plaintiff-Appellant*,

                    v.                                        10-4945-pr

M.D. DR. LESTER WRIGHT, Assoc. Commissioner,
DR. J. PERILLI, Head Admin., and DR. A. BAHKIS
(Sing Sing Dr.),
           *Defendants-Appellees*.

---------------------------------------------------------------------------------

FOR APPELLANT:        John Bryant, *pro se*, Ossining, New York.

FOR APPELLEES:        David Lawrence, III, Assistant Solicitor General, Of Counsel,
                      Barbara D. Underwood, Solicitor General, and Michael S.
                      Belohlavek, Senior Counsel, *for* Eric T. Schneiderman, Attorney
                      General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District

of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 15, 2010, is AFFIRMED.

Plaintiff John Bryant, appearing pro se, appeals from the Rule 12(b)(6) dismissal of his complaint alleging deliberate indifference to his medical needs, in violation of the Eighth Amendment. See 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. We "construe[] liberally" pro se submissions, interpreting them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted; emphasis in original).

2

Applying these principles, we affirm for substantially the same reasons stated in the magistrate judge's thorough and well-reasoned August 31, 2010 report and recommendation. It is a common exercise of judgment to place prisoners on generic medications, and this act, without more, does not suggest the recklessness necessary for a constitutional claim of deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Hernandez v. Keane, 341 F.3d 137, 147 (2d Cir. 2003). Moreover, the complaint acknowledges that prison doctors were "trying to stop" the ensuing dermatological side effects of the medication at issue, Compl. at 3, Bryant v. Wright, 1:09 cv 2456 (GBD)(GWG) (S.D.N.Y. Mar. 18, 2009), ECF No. 2, and grievance forms attached to the pleading show that Bryant had been seen by a dermatologist and had received medical treatment for his skin ailment. The bare allegation that the treatments have so far been unsuccessful is insufficient to state a claim for deliberate indifference. See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (distinguishing medical malpractice from deliberate indifference, which requires "culpable recklessness").

Bryant's argument that he should have been given leave to re-plead is baseless because the district court gave him thirty days from the entry of its order to file an amended pleading, which he failed to do. We have considered Bryant's remaining arguments, and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3