Griffin v. Amatucci

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> PETER W. HALL,
> > *Circuit Judges.*

———————————————————————

Donald Griffin,

> *Plaintiff-Appellee*,

> v.                                                          14-2546

Dr. Gerald Amatucci, Nancy Smith,
Nurse Administrator; Upstate
Correctional Facility,

> *Defendants-Appellants*,

Brian Fischer, Commissioner, et al.,

> *Defendants*.

———————————————————————

1

FOR PLAINTIFF-APPELLEE:    Donald Griffin, pro se, East Elmhurst, NY.

FOR DEFENDANTS-APPELLANTS:    Eric T. Schneiderman, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Andrew D. Bing, Deputy Solicitor General; Frank Brady, Assistant Solicitor General, of Counsel, Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED IN PART and REVERSED IN PART**.

Defendants Dr. Gerald Amatucci, a Regional Medical Director at the New York State Department of Corrections and Community Supervision, and Nancy Smith, a Nurse Administrator at Upstate Correctional Facility, appeal from the district court's denial of their motion for summary judgment based on qualified immunity in Donald Griffin's 42 U.S.C. § 1983 action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court's denial of a claim for qualified immunity is immediately appealable under the collateral order doctrine to the extent the denial turns on an issue of law. *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003). We lack jurisdiction, however, to "resolve material issues of fact." *Id.* at 72. We may also exercise pendent jurisdiction over issues not ordinarily subject to interlocutory review whenever "(1) they are inextricably intertwined with the determination of qualified immunity or (2) their resolution is necessary to ensure meaningful review of the district

court's ruling on qualified immunity." *Id.* at 71-72 (internal quotation marks omitted).

We review de novo the denial of a summary judgment motion asserting that a defendant is entitled to qualified immunity. *Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012). Qualified immunity shields a government official from liability for civil damages "if his conduct did not violate plaintiff's clearly established rights or if it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003). The defendants bear the burden of showing they are entitled to qualified immunity, and, in considering a summary judgment motion, "the district court must draw all factual inferences in favor of, and take all factual assertions in the light most favorable to, the party opposing summary judgment." *In re State Police Litig.*, 88 F.3d 111, 123 (2d Cir. 1996).

Griffin, an inmate at Upstate Correctional Facility, alleged that Dr. Amatucci and Nurse Smith violated his Eighth Amendment rights by refusing to provide him with a treating-physician-recommended humidifier for his Continuous Positive Airway Pressure ("CPAP") machine pursuant to a policy of not providing humidifiers.

"To establish an Eighth Amendment violation arising out of inadequate medical treatment, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The deliberate indifference standard is comprised of an objective and a subjective component: (1) the alleged deprivation of medical care "must be sufficiently serious"; and (2) the defendant must have acted with the requisite mental state, meaning "something more than mere negligence" and akin to criminal recklessness. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted).

3

We agree with the district court that Dr. Amatucci is not entitled to summary judgment on the argued grounds that Griffin's medical needs were insufficiently serious or that Dr. Amatucci lacked the requisite intent. Dr. Amatucci contends that a humidifier was not medically necessary; the district court found this to be a disputed fact. Although we have jurisdiction to review whether a factual dispute is material, "we may not review whether a dispute of fact identified by the district court is genuine." *Escalera v. Luna*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted). Dr. Amatucci also contends that he lacked the requisite mental state to have violated the Eighth Amendment, asserting that his refusal to provide the humidifier recommended by Griffin's treating physician pursuant to his policy of not approving humidifiers for CPAP machines was the result of a mere difference of medical opinion. It is undisputed, however, that Dr. Amatucci did not review Griffin's medical records before disregarding the contrary recommendation of Griffin's treating physician, and we have held that "a jury could reasonably find that [a] defendant[] [] acted with a sufficiently culpable state of mind . . . by reflexively following . . . [a] policy in the face of . . . [contrary] recommendations of plaintiff's treating physicians." *Johnson*, 412 F.3d at 406; *see Brock v. Wright*, 315 F.3d 158, 165-66 (2d Cir. 2003) ("While liability may not be established against a defendant simply because that defendant was a 'policy maker' at the time unconstitutional acts were committed, where unconstitutional acts are the *result* of a policy promulgated by the defendant, a valid § 1983 action may lie." (internal quotation marks omitted)).

To the extent, moreover, that Dr. Amatucci asserts that Griffin's right was not clearly established because there is no specific case law addressing CPAP machines, his argument lacks merit. "[F]or a right to be clearly established for purposes of a qualified immunity defense, the

4

precise conduct at issue need not previously have been ruled unlawful." *Zahrey v. Coffey*, 221 F.3d 342, 357 (2d Cir. 2000). Dr. Amatucci argues that it was objectively reasonable for him to believe that his conduct was lawful because the record shows only a disagreement about the medical necessity of a humidifier. As noted above, however, the record before us indicates that Dr. Amatucci never reviewed Griffin's medical records prior to denying his request for a humidifier, and on these facts, without more, a reasonable jury could conclude that Dr. Amatucci's reflexive application of his no-humidifier policy in the face of a contrary recommendation by Griffin's treating physician was not objectively reasonable. *Cf. Johnson*, 412 F.3d at 406.

We have considered all of Dr. Amatucci's remaining arguments and find them to be without merit. Because on the record before us there are facts in dispute bearing on whether Dr. Amatucci is entitled to qualified immunity, we dismiss his appeal from the district court's denial of his motion for summary judgment.

Regarding Nancy Smith, the nurse administrator, we disagree with the district court that she was not entitled to summary judgment based on qualified immunity. Nurse Smith stated in her declaration that Dr. "Amatucci[] does not approve the use of humidifiers with CPAP machines" and that she confirmed this policy with Dr. "Amatucci via email on May 24, 2011." J.A. at 96. The record is devoid of any evidence suggesting that Nurse Smith had authority to deviate from Dr. Amatucci's policy. The fact that Nurse Smith *confirmed* the policy only after placing an order for Griffin's CPAP machine without a humidifier, moreover, does not support a finding that Nurse Smith acted with the requisite intent. *Cf. Brock*, 315 F.3d at 164 ("At most, [Plaintiff's] contention that [the Superintendent] should not have deferred to [the Regional Medical Director] amounts to an allegation of negligence. But negligence is not deliberate

indifference.").   Because Nurse Smith is entitled to qualified immunity we reverse the order of the district court as to her.

The order of the district court is **AFFIRMED IN PART**, as it relates to Dr. Amatucci, and **REVERSED IN PART**, as it relates to Nurse Smith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
