14-3807-pr
Gathers v. Tan

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fifteen.

PRESENT:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
>                 *Circuit Judges.*

_____

TRAVIS GATHERS,

>                 *Plaintiff-Appellant*,

>         v.                                                        No. 14-3807-pr

JOSEPH TAN; M. SAMUELSON, NURSE ADMINISTRATOR; KEN JIN; SUPERINTENDENT BERBARY, REGIONAL HEALTH SERVICE ADMINISTRATOR; BROOK BLAINE-RONEY,

>                 *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**                    Travis Gathers, pro se, Rock Hill, SC.

**FOR DEFENDANT-APPELLEE TAN:**                Joel Julian Java, Jr., Esq., Roach, Brown, McCarthy & Gruber, P.C., Buffalo, NY.

**FOR DEFENDANTS-APPELLEES SAMUELSON, JIN, BERBARY, AND BLAISE-RONEY:**                Victor Gerard Paladino, Assistant Solicitor General, New York State Office of the Attorney General, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Travis Gathers, proceeding *pro se*, appeals from the District Court's judgment adopting the recommendation of the magistrate judge (Schroeder, *M.J.*) and granting summary judgment in favor of defendants-appellees with respect to Gathers's 42 U.S.C. § 1983 deliberate indifference claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). On review, we must resolve all ambiguities and draw all factual inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The magistrate judge's report, which the District Court adopted in full, identified two independent bases for summary judgment in favor of defendants. First, the court found that

plaintiff's constitutional claims were collaterally estopped by a judgment of the New York Court of Claims.   Second, the court found that the evidence presented on summary judgment was insufficient to raise a genuine issue of material fact as to whether defendants were deliberately indifferent to plaintiff's medical injury.   We agree that plaintiff has not introduced sufficient evidence of deliberate indifference to allow this case to proceed to trial, and do not reach the question whether the Court of Claims judgment precludes further proceedings in federal court.

To prove a claim of deliberate indifference against an individual defendant, a plaintiff must show that (1) "his medical condition is objectively a serious one," and (2) "the defendant acted with deliberate indifference to [his] medical needs."   *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003).   A defendant is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety."   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference is "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Assuming, as the magistrate judge did, that Gathers's Achilles tendon injury is objectively serious, we agree with the District Court that the evidence marshaled by Gathers on summary judgment did not suffice to create a genuine issue as to whether any defendant was deliberately indifferent to his medical needs.   Gathers contends that defendant Tan acted with deliberate indifference when he (1) discontinued Gathers's Ultram prescription, (2) removed his cast, (3) failed to refer him for infirmary care, (4) did not provide adequate pain management or crutches, and (5) did not refer him to an orthopedic specialist.   But Tan submitted an affidavit from a medical expert, Dr. Paul LaPoint, who averred that Tan's treatment decisions constituted "appropriate management" of the Achilles tendon injury, including pain management.   Supp. App. 276-77.   Relying on the report of an outside orthopedist, Dr. LaPoint further stated that plaintiff's tendon had fully healed.   Supp. App. 277.   Gathers failed to adduce any evidence to the contrary.   In addition, as the District Court observed, the record shows that Dr. Tan engaged in ongoing examination and evaluation of Gathers's condition throughout the relevant period.   Absent any evidentiary

3

support for Gathers's position, the District Court was correct to grant summary judgment to Tan.

Having failed to raise them in his brief on appeal, Gathers appears to have abandoned his claims against defendants Jin, Samuelson, Berbary and Blaise-Roney, and so we do not review the District Court's conclusions with respect to those defendants.

We have considered all of Gathers's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court