Liffiton v. Kiszewski

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> ROSEMARY S. POOLER,
> DENNY CHIN,
> *Circuit Judges.*

_____

John D. Liffiton,

> *Plaintiff-Appellant*,

> v.                                                                                              13-4403

Detective Sherry Kiszewski, John Doe,
Detective Ronald Barrett, Supervisory
Personnel of the Buffalo Police Department
not yet identified,

> *Defendants-Counter-*
> *Claimants-Appellees*,

County of Erie, John Doe, Erie County
Deputy Sheriffs yet to be identified,

> *Defendants-Cross-*
> *Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    John D. Liffiton, pro se, Getzville, NY.

FOR DEFENDANTS-COUNTER-
CLAIMANTS-APPELLEES:                         Timothy Alfred Ball, Office of the Corporation Counsel, Buffalo, NY.

FOR DEFENDANTS-CROSS-APPELLEES:              Brian Richard Liebenow, Labor Relations Office, Fredonia, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Foschio, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John D. Liffiton, proceeding *pro se*, appeals the district court's judgment, following a jury verdict in his false arrest action, finding that defendants, City of Buffalo Police Detectives Sherry Kiszewski and Ronald Barrett, had probable cause to arrest him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, Liffiton's contention that, in the absence of exigent circumstances, a warrant is a prerequisite to an arrest misconstrues the law. A warrantless arrest is permissible when supported by probable cause and when, as here, the arrest takes place in public. *See, e.g.*, *United States v. Watson*, 423 U.S. 411, 423 (1976).

Second, Liffiton's assertion that the issue of probable cause should not have been submitted to the jury is unavailing. "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers, or may require a trial if the facts are in dispute." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation omitted). Here, there were disputes as to the extent

2

of Detective Kiszewski's knowledge prior to the arrest, including, for example, whether Kiszewski had received a statement attacking Pamela Morse's credibility that Liffiton claimed to have faxed to her and whether she was aware of the reasons why Liffiton failed to show up for scheduled interviews. Because these factual disputes inform the probable cause analysis, the issue of whether probable cause existed was properly submitted to the jury.

Third, the jury instructions on probable cause were not erroneous. We review *de novo* challenges to jury instructions in civil cases, "and will grant a new trial if we find an error that is not harmless." *Rasanen v. Doe*, 723 F.3d 325, 331 (2d Cir. 2013) (internal quotation marks omitted). "A jury charge is erroneous if it misleads the jury as to the correct legal standard, or if it does not adequately inform the jury of the law." *Hathaway v. Coughlin*, 99 F.3d 550, 552 (2d Cir. 1996). Conversely, "a jury instruction will be deemed adequate if the charge, taken as a whole, is correct and sufficiently covers the case so that a jury can intelligently determine the questions presented to it." *Id.* at 553 (internal quotation marks omitted).

"Probable cause requires an officer to have 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000)). "When determining whether probable cause exists courts must consider those facts available to the officer at the time of the arrest and immediately before it." *Id.* (internal quotation marks omitted) (emphasis omitted). "A law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity. . . . An identified citizen informant is presumed to be reliable." *Fabrikant v. French*, 691 F.3d 193, 216 (2d Cir. 2012) (internal citations, quotation marks, and

3

alterations omitted). "[A]n officer may not disregard plainly exculpatory evidence," but "the fact that an innocent explanation may be consistent with the facts alleged does not negate probable cause, and an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." *Panetta*, 460 F.3d at 395-96 (alteration and internal citation omitted). The jury instructions in this case were consistent with these precedents. Moreover, the instructions were sufficiently tailored to the particular facts of the case to allow the jury to "intelligently determine the questions presented to it." *Hathaway*, 99 F.3d at 553.

Fourth, we construe Liffiton's assertions that Kiszewski had reason to doubt the veracity of Morse's criminal complaint as a challenge to the sufficiency of the evidence supporting the jury's verdict, and we reject it. In reviewing the sufficiency of the evidence at trial, we "view the facts of the case in the light most favorable to the prevailing party." *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 77 (2d Cir. 2006). "[J]udges have a very limited role in controlling jury fact-finding, acting only when they think it highly likely that the jury decided wrongly" or that "the jury relied only on the bases of unsupported surmise and conjecture." *Sanders v. N.Y. City Human Rights Res. Admin.*, 361 F.3d 749, 753 (2d Cir. 2004). Further, we "defer[] to the jury's assessment of witness credibility." *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008) (internal quotation marks omitted).

Kiszewski testified that Liffiton's arrest was based on Morse's complaint and that she had no knowledge of Liffiton's faxed statement attacking Morse's credibility based on their prior landlord-tenant relationship. This testimony, along with Morse's felony report and the signed statement from her interview with Kiszewski, was sufficient to support the jury's verdict. Liffiton's contention that Kiszewski was required to conduct a further investigation because there were inconsistencies between the felony report and the signed statement is meritless. The

4

substance of the two statements is substantially the same, and the minor discrepancies that Liffiton identifies are immaterial. Further, Morse was forthcoming – she notified Kiszewski that she had recently been evicted – and Liffiton, in Kiszewski's view, was evasive – he canceled two scheduled interviews. The jury was entitled to credit Kiszewski's version of events and to reject, as it apparently did, Liffiton's assertion that the circumstances raised doubt as to Morse's veracity. We defer to those assessments, *see Chavez*, 549 F.3d at 124, and with them, the evidence was sufficient to support the jury's finding that there was probable cause for Liffiton's arrest.

We have considered all of Liffiton's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5