16-3603-cv
Jones v. Parmley

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of November, two thousand seventeen.

Present:     JON O. NEWMAN,
             JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

_____

ANDREW JONES, ROBERT E. BUCKTOOTH, JR., CHERYL BUCKTOOTH, ROBERT BUCKTOOTH, DEBBY JONES, KAREN JONES, NIKKI JONES, KARONIAKATA JONES, SHAWN JONES, KAHENTINETHA HORN, DYHYNEYYKS, AKA ALFRED LOGAN, JR., TEKARONTAKE, AKA PAUL DELARONDE, ROSS JOHN, RONALD JONES, JR., NADINE O'FIELD / GANONHWEIH, FKA NADINE BUCKTOOTH,

                  *Plaintiffs-Appellants*,

         v.                                                      16-3603-cv

JAMES J. PARMLEY, GEORGE BEACH, PAMELA J. MORRIS, DENNIS J. BLYTHE, INV., JOHN F. AHERN, INV., JOSEPH W. SMITH, SGT., JEFFREY D. SERGOTT, TRP., MICHAEL S. SLADE, TRP., JAMES D. MOYNIHAN, TRP., JAMES K. JECKO, TRP., ROBERT HAUMANN, SGT., MARK E. CHAFFEE, TRP., CHRISTOPHER J. CLARK, TRP., PAUL K. KUNZWILER, TRP., DOUGLAS W. SHETLER, TRP., PATRICK M. DIPIRRO, GREGORY EBERL, TRP., GARY A. BARLOW, MARK E. LEPCZYK, TRP., MARTIN ZUBRZYCKO, TRP., GLENN MINER, GARY DARSTEIN, TRP., KEVIN BUTTENSCHON, CHRIS A. SMITH, SGT., NORMAN J. MATTICE, SGT., JOHN E. WOOD, THOMAS P. CONNELLY, JERRY BROWN, HARRY SCHLEISER, SGT., NORMAN ASHBARRY, INV.,

JOHN DOE, 1-100, JANE DOE, 1-100, PETER S. LEADLEY, TRP., GLORIA L. WOOD, TRP., DAVID G. BONNER, TRP., DENNIS J. BURGOS, TRP., JOHN P. DOUGHERTY, TRP., DAVID V. DYE, TRP., DARYL O. FREE, TRP., JAMES J. GREENWOOD, SGT., ROBERT B. HEATH, TRP., ANDREW HALINSKI, TRP., ROBERT H. HOVEY, TRP., ROBERT A. JURELLER, TRP., STEPHEN P. KEALY, TRP., EDWARD J. MARECEK, TRP., RONALD G. MORSE, TRP., PAUL M. MURRAY, TRP., ANTHONY RANDAZZO, TRP., ALLEN RILEY, TRP., FREDERICK A. SMITH, TRP., STEVEN B. KRUTH, SGT., TROY D. LITTLE, TRP.[1],

*Defendants-Appellees.*

_____

| | |
|---|---|
| Appearing for Plaintiffs-Appellants: | John R. Mann, III, Paisley, Ontario, Canada (appearing pro hac vice) |
| Appearing for Defendant-Appellee Joseph W. Smith: | Brittany E. Lawrence, Barclay Damon, LLP (Gabriel M. Nugent, *on the brief*), Syracuse, NY |
| Appearing for 50 Defendants-Appellees: | Frederick A. Brodie, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrew Bing, Deputy Solicitor General, *on the brief*) *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY |

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*, Dancks, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants (hereinafter "Onondaga 15") appeal from the October 12, 2016 final judgment of the United States District Court for the Northern District of New York (Scullin, *J*). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Onondaga 15 are members of the Onondaga Nation whose political protest was disbanded by New York State Troopers on May 18, 1997. The dispersal was captured on video by news crews on the scene, who documented a chaotic and sometimes violent encounter. Nearly twenty years of litigation ensued, including one previous trip to this Court, when appellees challenged the district court's denial of qualified immunity. We affirmed, allowing the case to proceed to trial. *Jones v. Parmley*, 465 F.3d 46 (2d Cir. 2006).

_____

[1] The Clerk of the Court is directed to amend the caption as above.

In 2015, the majority of the nearly 100 plaintiffs chose to settle with defendants. The individuals who raise this appeal represent a group of fifteen plaintiffs who chose to reject the settlement offer and proceed to trial. The Onondaga 15 were represented by two different sets of counsel throughout most of the pre-trial litigation, but those attorneys were permitted to withdraw prior to the start of trial. As a result, the Onondaga 15 proceeded to trial pro se. The order permitting withdrawal is one of many issues the Onondaga 15 raise in this appeal.

Trial Management

The bulk of the Onondaga 15's briefing and oral argument before this Court focused on their claim that their procedural due process rights were violated by the district court's unusual trial management procedures. The Onondaga 15 specifically allege that the district court denied their right to a fair trial by limiting the time allotted for opening and closing statements, by actively questioning witnesses, by requiring the fifteen plaintiffs to appoint one spokesperson to question a witness, and by requiring the plaintiffs to submit written questions to the presiding judge to be screened for admissibility before questioning witnesses.

We review trial management claims for abuse of discretion. *U.S. v. Yakobowicz*, 427 F.3d 144, 149-50 (2d Cir. 2005). Though the presiding judge must be sure not to convey partiality, as long as the court remains within those bounds the trial court is given "great leeway" to conduct the trial in the most efficacious manner. *U.S. v. Filani*, 74 F.3d 378, 386 (2d Cir. 1996). In this exceptional case, the district court was tasked with managing a jury trial with fifteen pro se plaintiffs and more than fifty defendants. Under such unusual circumstances, the district court is permitted—and indeed, obligated—to make decisions that will keep the trial on track and ensure that the jury hears only admissible evidence. We think it is clear that the district court acted well within its bounds by managing the questioning of witnesses in a way designed to elicit relevant testimony without permitting the jury determination to be tainted by the consideration of inadmissible evidence. The district court was faced with a formidable task in managing this unwieldy trial and did not abuse its discretion in making these changes to standard trial procedure.

Bias

The Onondaga 15 also alleged that the district court was biased and appeal on the basis of both bias and the denial of a recusal motion before the start of trial. This Court reviews denials of recusal motions and allegations of bias for abuse of discretion. *U.S. v. Arena*, 180 F.3d 380, 398-99 (2d Cir. 1999).

In *U.S. v. Filani*, we noted that it is "extraordinarily hard" to determine whether a trial judge was biased and that such questions require a "searching examination of the entire trial transcript" in order to "assess their validity." 74 F.3d at 386. This thorough examination is required because "an appellate court too is charged with a duty—one that may not be abdicated—to ensure that the trial it is reviewing was conducted impartially." *Id*; *see also U.S. v. Messina*, 131 F.3d 36, 39 (2d Cir. 1997) (holding on the trial court's partiality only after reviewing the trial transcript).

The Onondaga 15 hinge much of their bias argument on one exchange of the district court with appellant Ross John, which the Onondaga 15 argue "topped them all" in

demonstrating "bias and unfairness." During this exchange, Mr. John expressed frustration with the district court's management of the case, particularly the court's refusal to permit admission of the 1794 Canandaigua Treaty and the procedure of having the questions for direct and cross examination pre-screened by the judge. The tone of the exchange became heated, but there is no evidence of bias in the record. The only other specific example of bias alleged by the Onondaga 15 regards the presiding judge's demeanor at the August 18, 2016 pretrial conference, which the Onondaga 15 argue cast an "aura of intimidation" over the impending trial.

The trial transcript reveals that the trial was at times contentious. There are numerous examples of individual members of the Onondaga 15 heckling the presiding judge by calling him "racist," "prejudiced," a "little baby," and a "racist pig." One plaintiff sent a bill for $535 to the presiding judge for expenses incurred when the district court postponed a scheduled meeting. This trial featuring 15 pro se plaintiffs and more than 50 defendants presented extreme logistical challenges. Yet there is simply no evidence in the record to support a claim for bias. Nor does the letter motion from Kahentinetha Horn requesting recusal of the presiding judge allege any facts that would support recusal, much less a reversal of the decision due to an abuse of discretion.

Jury Instructions
The Onondaga 15 argue the district court provided erroneous jury instructions regarding the personal involvement of defendants, the easement, and the First Amendment.

When an instruction is properly objected to at trial, the instructions are reviewed de novo and will be held "erroneous if they mislead the jury as to the correct legal standard or do not adequately inform the jury of the law." *Hudson v. New York City*, 271 F.3d 62, 67 (2d Cir. 2001) (internal punctuation omitted) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 552 (2d Cir. 1996)). The reviewing court must reverse the trial court when "the error was prejudicial or the charge was highly confusing." *Id.* at 68 (quoting *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1345 (2d Cir. 1994)).

When an instruction is not properly objected to at trial, a reviewing court may consider "plain error" if that error "affects substantial rights." Fed. R. Civ. P. 51(d)(2). This Circuit has defined "plain error" as one that was "fatal to the integrity of the trial." *Hudson*, 271 F.3d at 70.

The Onondaga 15 properly preserved their objection to the charge regarding the personal involvement of defendants, but this objection is without effect because the jury charge was correct. It is well settled in this Circuit that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

The Onondaga 15 also properly preserved their objection to the lack of instruction on the easement, but this objection is also meritless. The Onondaga 15 requested admission of the 2006 decision on qualified immunity as evidence of the boundaries of the easement. The Onondaga 15 seem to misapprehend the significance of that earlier decision—which accepted the plaintiffs' facts as true solely for the purposes of the qualified immunity appeal—but their misapprehension of the law does not give rise to a right that the jury be instructed in "facts" that are not actually

4

undisputed facts. Deciding those facts was the purpose of the jury trial and the district court was correct to deny that request.

Appellants did not preserve their objection to the First Amendment instruction, which is thus reviewed for plain error. Though the district court improperly incorporated a First Amendment retaliation test into its instruction, *see Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001), this instruction was not "fatal to the integrity of the trial" because the district court properly instructed on the Onondaga 15's right to protest limited by the threat of imminent harm. *Hudson*, 271 F.3d at 70.

Withdrawal of Counsel

The magistrate judge granted withdrawal of counsel on the bases of disagreements between the attorneys and the Onondaga 15 regarding litigation and/or settlement strategies and a general breakdown in the attorney-client relationship. The original group of nearly 100 plaintiffs were represented by two separate firms, Hoffmann, Hubert & Hoffmann, LLP and Morvillo, Abramowitz, Grand, Iason, & Anello, P.C.. After a subset of the plaintiffs refused to accept a settlement offer, both firms filed motions to withdraw. The Hoffmann firm filed a motion to withdraw from representation of twelve specific plaintiffs; the Morvillo firm filed a motion to withdraw from representation of all plaintiffs.

"We review a district court's denial of a motion to withdraw only for abuse of discretion." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). In making that determination, this Court has noted that "[d]istrict courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal" in consideration of the trial court's need to manage its own calendar and in recognition that "[t]he trial judge is closest to the parties and the facts." *Id*. These considerations apply with equal force to decisions to *grant* a motion for withdrawal.

Withdrawal in the Northern District of New York is governed by Local Rule 83.2(b), which provides in relevant part that withdrawal may be granted "upon a finding of good cause." N.D.N.Y. R. 83.2(b). Counselors were permitted to file documents under seal explaining their reasons for withdrawal. The magistrate judge reviewed the public record and the documents under seal and held that withdrawal from representation of the plaintiffs who refused the settlement offer was proper, but denied withdrawal as to the remaining plaintiffs who accepted the settlement. The magistrate judge also declined to exercise ancillary jurisdiction over one attorney's motion for an attorney charging lien.

The magistrate judge properly noted that refusal to accept a settlement offer is not a sufficient basis for a withdrawal of representation. There is an admittedly fine line between a request for withdrawal because of a refusal to settle and a request to withdraw because the attorney-client relationship has broken down due to the refusal to settle. In this case, however, the magistrate judge relied upon the correct Local Rule in making the determination on the basis of both public and in camera review of submissions from the attorneys. The magistrate judge did not abuse her discretion in granting withdrawal under these facts.

We have considered the remainder of appellants' arguments and find them to be without merit or relating to harmless error. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk