19-320
*Yancey v. Robertson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> JOHN M. WALKER, JR.,
> DENNIS JACOBS
> *Circuit Judges.*

---

MICHAEL C. YANCEY,

> *Plaintiff-Appellant,*

> v.                                                                          19-320-pr

DOUGLAS ROBERTSON, CORRECTIONS OFFICER, ALBANY CORRECTIONAL FACILITY, FKA JOHN DOE,

> *Defendant-Appellee,*

COUNTY OF ALBANY, DANIEL F. LYNCH, County Attorney, CORRECTIONAL MEDICAL SERVICES, INC., CORIZON, INC., ALBANY COUNTY SHERIFF, WARDEN, ALBANY COUNTY CORRECTIONAL FACILITY,

> *Defendants.*

---

1

For Plaintiff-Appellant: ALEXANDER CORSON, SARAH UNGEHEUER, Law Students (Jon Romberg, Supervising Attorney, *on the brief*), Seton Hall University School of Law Center for Social Justice, Newark, NJ

For Defendant-Appellee: MICHAEL J. GOLDSTEIN, Office of the Albany County Attorney, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED**.

Plaintiff-Appellant Michael Yancey ("Yancey") appeals from a January 24, 2019 decision of the U.S. District Court for the Northern District of New York (Sannes, *J.*), granting summary judgment to Defendant-Appellee Douglas Robertson ("Robertson") as to Yancey's single claim arising out of the medical care he received as a pretrial detainee at the Albany County Correctional Facility ("ACCF"). Yancey initially sued several defendants in connection with his medical care, asserting claims under 42 U.S.C. § 1983, but his complaints as to all other defendants were dismissed by the district court in an order dated June 20, 2017.[1] Yancey asserts that Officer

---

[1] Yancey also asks us to reconsider the *sua sponte* dismissal of his claims against certain corporate medical service providers. He acknowledges, however, that his original complaint should not have named these providers as defendants and he does not seek to proceed against them now. Instead, he asks to be able to amend his complaint to name the correct defendant—who he now identifies as Dr. Silver Masaba—and argues that his amended complaint is subject to relation back under Federal Rule of Civil Procedure 15(c). Even assuming Yancey may amend his complaint and that his complaint adequately pleads a violation of the objective prong, and assuming *Darnell* provides the relevant legal standard, we agree with the district court that Yancey has at most alleged a claim of negligence or malpractice and not facts plausibly supporting an inference that the official "knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Accordingly, we also affirm the *sua sponte* dismissal of these claims.

Robertson was deliberately indifferent to his serious medical needs and therefore violated his constitutional rights.

We review grants of summary judgment *de novo*, "construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor." *Kazolias v. IBEWLU 363*, 806 F.3d 45, 49 (2d Cir. 2018). Furthermore, though he is represented by counsel in this appeal, Yancey proceeded *pro se* in the district court. His submissions before the district court are therefore to be "construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*　　\*　　\*

Yancey entered the custody of the ACCF on February 5, 2016. On his intake forms he noted several allergies in addition to his other medical information. Yancey alleges—and Robertson does not dispute—that on March 28, 2016 he was placed on a daily multivitamin regime that Yancey alleges caused a severe allergic reaction. On the night of April 13, 2016, Yancey claims that he began to experience respiratory distress and that hives on his skin opened and began to emit both blood and pus. Robertson was on the night shift. At around 2 A.M. on the morning of April 14, the parties agree that Yancey called out to Robertson. He told the officer, *inter alia*, that he couldn't breathe. The parties dispute the precise contents of this conversation, but they agree that Robertson agreed to write a note to the sergeant.

The parties do not dispute what happened next. Yancey was seen by the prison's medical staff at 6:15 P.M. on April 14 and, at that time, the staff noted hives on Yancey's forearms and neck—though no respiratory distress—and prescribed him Benadryl. The next day, Yancey filled

3

out an additional sick call form, complaining about the rash on his arms, face, and legs. He was seen on April 16 and his dose of Benadryl was doubled. Four hours later he was called down to the medical department for further evaluation and was prescribed Prednisone in addition to his dose of Benadryl. At that time, he was also admitted to the infirmary for observation; he remained there for three days.

\*     \*     \*

Yancey argues that the district court erred in granting summary judgment to Robertson as to his deliberate indifference claim. Because Yancey was a pretrial detainee, the Fourteenth Amendment supplies the relevant legal standard. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Pretrial detainees "may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Id.*; *see Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2019) (noting that the same principles apply to medical treatment). This, in turn, requires a two-step inquiry. *Darnell*, 849 F.3d at 29. First, the plaintiff must satisfy the "objective prong" by showing a sufficiently serious need. *Id.* Second, the plaintiff must meet the "subjective prong" which requires the officer to have acted with "deliberate indifference" to the challenged condition. *Id.*[2] Here, Yancey has not adduced sufficient evidence to allow a reasonable jury to find that on the night of April 13 he suffered from medical symptoms that were "sufficiently serious" to meet his burden under the objective prong

---

[2] *Darnell* was decided on February 21, 2017, after the events that form the basis of this appeal. *Darnell* clarified that "deliberate indifference" does not require proof of "a malicious or callous state of mind" and is instead akin to recklessness, requiring a plaintiff to show that the official knew or should have known of the excessive risk to the plaintiff's health. *See Charles*, 925 F.3d at 86–87. Prior to *Darnell*, this Court's decision in *Caiozzo v. Koreman* supplied the controlling law and required that "the government-employed defendant disregarded a risk of harm to the plaintiff of which the defendant was aware." 581 F.3d 63, 71 (2d Cir. 2009). Because we decide this appeal based on the objective prong, we need not address how the changed subjective prong may impact Robertson's entitlement to qualified immunity.

of the Fourteenth Amendment test. Accordingly, the district court did not err in granting summary judgment to Robertson.

For a constitutional violation to occur based on deliberate indifference to a prisoner's medical need, the deprivation of medical care must be "'sufficiently serious' in the sense that 'a condition of urgency, one that may produce death, degeneration, or extreme pain' exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)); *see Darnell*, 849 F.3d at 30 ("Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'" (first quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013); and then quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972))). Here, Yancey has consistently maintained that he suffered from breathing problems on the night of April 13, 2016, and Robertson admits that Yancey told him as much during their encounter. Even assuming, however, that Yancey did indeed suffer some level of respiratory distress, the surrounding record does include evidence that would permit a reasonable factfinder to conclude that his symptoms were serious enough to satisfy the Fourteenth Amendment standard. While Yancey's medical records are consistent with an allergic reaction, no respiratory distress nor complaints of respiratory distress are noted in his medical records from April 14. And Yancey's own description of what happened after his conversation with Robertson does not indicate any serious harm or risk of harm suffered because of his alleged respiratory distress other than an inability to sleep.

To be clear, our conclusion does not rely on discounting Yancey's statements nor on a judgment about his credibility that would be impermissible at the summary judgment stage. At this

5

point in the litigation, we presume that Yancey indeed suffered from an allergic reaction that caused him some level of respiratory distress. Instead, our decision is based on whether the surrounding record would allow a reasonable factfinder to find that Yancey met his burden to show that his medical condition was serious enough such that the delay in treatment here posed an unreasonable risk of severe damage to his health. Even drawing all inferences in Yancey's favor, we believe the record would not allow a reasonable jury to reach such a conclusion.

In sum, we conclude that Yancey has not shown that a reasonable factfinder could find that he meets the objective prong of the Fourteenth Amendment test. Even assuming that Yancey suffered from an allergic reaction that caused him *some* respiratory distress, Yancey has not shown that a reasonable jury could find that his symptoms were sufficiently serious to make a denial of immediate medical care a violation of the Fourteenth Amendment.

\*     \*     \*

We have considered Yancey's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6