16-4263-cv
*Ahsan v. Staples the Office Superstore East, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of January, two thousand eighteen.

PRESENT:  PIERRE N. LEVAL,
                 GUIDO CALABRESI,
                 JOSÉ A. CABRANES,
                        *Circuit Judges.*

---

MOSTAFA R. AHSAN,

              *Plaintiff-Appellant,*                                    16-4263-cv

              v.

STAPLES THE OFFICE SUPERSTORE EAST, INC.

              *Defendants-Appellee,*

MCO STAPLES, INC.,

              *Defendant.*

---

**FOR PLAINTIFF-APPELLANT:**            Michael H. Zhu, Michael H. Zhu, P.C.,
                                                         New York, New York


**FOR DEFENDANTS-APPELLEES:**          Jeffrey L. O'Hara, Matthew W. Bauer,
                                                         Justin M. Vogel, LeClairRyan, Newark,
                                                         New Jersey

Appeal from a judgment of the United States District Court for the Eastern District of New York (Steven M. Gold, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 23, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Mostafa Ahsan ("Ahsan") appeals from a judgment of the District Court following a trial on damages in which the jury found for the Defendant-Appellee Staples, the Office Superstore East, Inc. ("Staples"). Ahsan seeks reversal and remand to the District Court for a new trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Ahsan claims that, while shopping in Staples, boxes fell off a shelf and hit him, causing various head, neck, and shoulder injuries. Staples concedes that its negligence caused the one or two boxes to fall from a shelf on the date of Ahsan's accident, but it disputes the nature and extent of his injuries and whether its negligence proximately caused them. Following a jury trial, the jury returned a verdict for Staples. Ahsan moved for a new trial pursuant to Federal Rule of Civil Procedure 59, and also asserted that an exemplar of the plastic file folders contained within the type of boxes that fell on him was improperly received in evidence. The District Court denied the motion. Ahsan raises several issues on appeal: 1) whether the District Court erred in denying Ahsan's motion; 2) whether the District Court erred in admitting certain items into evidence; and 3) whether the District Court erred in rejecting Ahsan's proposed jury instructions.

Ahsan moved for a new trial on the contention that the jury's finding of no proximate cause was based on insufficient evidence and was otherwise against the weight of the evidence. We review a district court's denial of a Rule 59(a) motion for a new trial for abuse of discretion. *See Baker v. Dorfman*, 239 F.3d 415, 422 (2d Cir. 2000). We recognize an exception to this rule: where a district court denies a motion for a new trial made on the ground that the verdict was against the weight of the evidence, the ruling is not reviewable on appeal. *See Stonewall Ins. Co. v. Asbestos Claims Mgmnt. Corp.*, 73 F.3d 1178, 1199 (2d Cir. 1995). Even if we accept Ahsan's assertion that his motion for a new trial and his argument on appeal challenges not only the weight of the evidence but also its sufficiency, substantially for the reasons cited by the District Court, we conclude that the District Court's denial of Ahsan's motion was not clearly erroneous.

Ahsan contends that the District Court improperly admitted exemplar file folders and photographs into evidence. We review the District Court's evidentiary rulings for abuse of discretion. *See, e.g., Abascal v. Fleckenstein*, 820 F.3d 561, 564 (2d Cir. 2016). District courts have broad discretion over the admission of evidence, and "unless it is likely that in some material respect the factfinder's judgment was swayed by the error," no substantial right is affected and a new trial is not warranted. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997) (internal quotation marks omitted). Substantially for the reasons cited by the District Court, we conclude that the District Court's admission of the evidence in question was not clearly erroneous, nor did it affect any substantial right.

2

Finally, Ahsan argues that the District Court erred in refusing his request to instruct the jury that Staples' liability had already been established. We review a district court's jury instruction *de novo*. *LNC Invs., Inc. v. First Fid. Bank,* 173 F.3d 454, 460 (1999). "A jury charge is erroneous if it misleads the jury as to the correct legal standard, or if it does not adequately inform the jury of the law." *Hathaway v. Coughlin*, 99 F.3d 550, 552 (2d Cir. 1996). Upon review of the record, we conclude that the District Court did not err in issuing its jury instruction.

## CONCLUSION

We have reviewed all of the arguments raised by plaintiff on appeal and find them to be without merit. Accordingly, we **AFFIRM** the November 23, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk