18-3443-pr
Adamson v. Miller

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JOSEPH F. BIANCO,
> > *Circuit Judge,*
> VICTOR A. BOLDEN,[*]
> > *District Judge.*

---

Alty Adamson,

> *Plaintiff-Appellant,*

> v.

Detective David Miller, 69th Precinct; Lieutenant Daniel Divers; City of New York; New York City Police Department; Detective Thomas Franklin, Shield # 5207,

> *Defendants-Appellees,*

Detective Simmonds, Shield # 4637, AKA John Doe #1,

> *Defendant.*

18-3443 (L);
19-1632 (Con)

---

[*] Victor A. Bolden, United States District Judge for the District of Connecticut, sitting by designation.

FOR PLAINTIFF-APPELLANT:

Alty Adamson, pro se, Stormville, NY.

FOR DEFENDANTS-APPELLEES:

Jeremy W. Shweder, Deborah E. Wassel, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED**.

Plaintiff-appellant Alty Adamson, pro se and incarcerated, appeals from two district court orders granting defendants' motion for summary judgment and denying his motion for reconsideration. Adamson filed a 42 U.S.C. § 1983 complaint against the City of New York, the New York City Police Department ("NYPD"), and NYPD officers David Miller, Thomas Franklin, and Daniel Divers. He alleged that (1) he was subjected to excessive force when he was placed in a chokehold and punched during an identificatory lineup; and (2) he was denied treatment for injuries incurred during the lineup, as a result of the officers' deliberate indifference to his medical needs. The district court granted summary judgment to defendants on both claims, as well as on state law claims arising out of the same facts. Adamson appealed the two orders. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Standards of Review

We review a grant of summary judgment *de novo*. *See Bellamy v. City of New York*, 914 F.3d 727, 744 (2d Cir. 2019). "Summary judgment may be granted only 'if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment

as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "We may affirm the grant of summary judgment only when, in resolving all ambiguities and drawing all permissible factual inferences in favor of the non-moving party[,] the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.*[1] "A fact is 'material' for these purposes when it might affect the outcome of the suit under the governing law. An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Id.* Corroboration, though helpful, is not essential; "a § 1983 plaintiff's testimony alone may be independently sufficient to raise a genuine issue of material fact." *Bellamy*, 914 F.3d at 746. However, where the nonmovant relies solely on his own testimony, summary judgment may still be appropriate in the rare case where that testimony is "contradictory and incomplete, and so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations." *Id.*

## II.     Adamson's Section 1983 Claims

### A.  Excessive Force

The district court did not resolve whether Adamson's excessive force claims fell under the Eighth or Fourteenth Amendments. We find it unnecessary to decide which constitutional provision applies here, as it will not affect the outcome of this appeal.

In order to establish an Eighth Amendment violation, a plaintiff must satisfy both (1) an objective requirement, showing that "conduct was objectively harmful enough or sufficiently

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, citations, footnotes, and alterations.

serious to reach constitutional dimensions," *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015); and (2) a subjective requirement, showing that "the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct," *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (per curiam). Under the Fourteenth Amendment standard, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

The central dispute on this claim is a factual one: whether Adamson was placed in a chokehold and punched. A genuine issue as to that material fact would be sufficient to defeat summary judgment under either constitutional standard. *Cf. United States v. Livoti*, 196 F.3d 322, 327 (2d Cir. 1999) (upholding excessive force verdict where NYPD officer put victim in chokehold for one minute to render victim unconscious, and where the NYPD prohibited such chokeholds). Adamson adduced no admissible evidence supporting his version of events apart from his own deposition testimony and affidavit.[2] However, rather than assessing whether Adamson's own testimony would, if credited, support a jury verdict in his favor, the district court only considered whether Adamson's testimony was corroborated by the testimony of other witnesses. After noting that none of the other witnesses testified to seeing Adamson in a

---

[2] The district court excluded as hearsay two affidavits drafted by Adamson's relatives relaying remarks allegedly made by his attorney, Joel Brettschneider. Adamson argues that the affidavits should have been admitted under Federal Rule of Evidence 807, which provides a limited exception to the hearsay rule where no other exception applies. A hearsay statement may be admissible under Rule 807 if: "(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party." *United States v. Morgan*, 385 F.3d 196, 208 (2d Cir. 2004). The exception is "used very rarely, and only in exceptional circumstances." *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991). The district court did not err in rejecting the application of the residual exception here, as Adamson has not shown that the affidavits are particularly trustworthy or more probative than other evidence concerning the lineup.

chokehold, the court concluded that "the witness testimony in this case does not show a genuine issue for trial because the testimony is not actually in conflict." *Adamson v. Miller*, No. 10-cv-2300 (NGG) (LB), 2018 WL 4964099, at *6 (E.D.N.Y. Oct. 15, 2018).

This was error. By omitting Adamson's own testimony from its analysis, the district court failed to "view the evidence in the light most favorable" to Adamson and to "favor [him] with all reasonable inferences." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995). Nor could the district court have properly disregarded Adamson's testimony on the ground that it was simply incredible. "[I]t is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage." *Jeffreys*, 426 F.3d at 554. And Adamson's testimony, although not corroborated by other evidence, was not "contradictory and incomplete," nor was it "so replete with inconsistencies and improbabilities that no reasonable juror" could credit it. *Bellamy*, 914 F.3d at 746. To the contrary, Adamson has consistently asserted for the past ten years that he was placed in a chokehold and punched during the lineup.

Viewing the evidence in the light most favorable to Adamson, as we must at the summary judgment stage, we conclude that a reasonable jury could credit his version of events. We further conclude that a reasonable jury could find that placing Adamson in a chokehold and punching him was an excessive use of force, whether judged against the Eighth or Fourteenth Amendment standards. We therefore vacate the district court's order insofar as it granted summary judgment to defendants on this claim.

### B. Deliberate Indifference

Adamson's second claim is for deliberate indifference to his medical needs. The district court again did not decide whether the Eighth or Fourteenth Amendment applied to this claim, and again we find it unnecessary to resolve the question. To establish an Eighth Amendment violation based on inadequate medical care, a prisoner must demonstrate both an objectively

5

serious medical deprivation and a sufficiently culpable mental state on the part of the charged official. *See Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003). "The objective component requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The subjective component requires the prisoner to show deliberate indifference, *i.e.*, that the medical professional possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Under the Fourteenth Amendment standard, a plaintiff challenging the conditions of pretrial detention must provide evidence (1) that the alleged deprivation "pose[d] an unreasonable risk of serious damage to his health," and (2) "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed." *Darnell v. Pineiro*, 849 F.3d 17, 30, 35 (2d Cir. 2017).

Adamson testified that, after the lineup, he told Detective Miller that he was having trouble breathing, that his throat hurt, and that either his mouth or his throat was bleeding. Miller allegedly replied that there did not appear to be anything wrong with Adamson. A reasonable jury, if it credited Adamson's account, could conclude that Miller's response exhibited deliberate indifference to Adamson's plight. Moreover, a reasonable jury could conclude that Adamson's symptoms—difficulty breathing and potential internal bleeding—were sufficiently serious to demand an urgent response.

The district court's reasons for concluding otherwise are not persuasive. First, the court noted that Adamson's attorney, Brettschneider, testified that he did not see any injuries after the lineup. *Adamson*, 2018 WL 4964099, at *7. But this reflects an implicit credibility determination in favor of Brettschneider and against Adamson—a credibility determination that the district court could not make at this stage. Additionally, as the court recognized, this testimony "does not

6

refute Plaintiff's allegation that he was injured at all, just that he had visible injuries." *Id.* Viewed in the light most favorable to Adamson, then, Brettschneider's testimony does not support a grant of summary judgment to defendants.

Second, the court observed that, upon his return to the Nassau County Correctional Facility, Adamson was given ibuprofen. *Id.* From this, the court concluded that Adamson's injuries were not serious. But this conclusion—that because Adamson was not given serious medical attention, his injuries must not have been serious enough to warrant serious medical attention—is circular. The crux of Adamson's claim is that he was not given appropriate treatment; that claim cannot be defeated simply by pointing to the allegedly inadequate treatment he received.

Finally, the court found that "Plaintiff's decision not to seek medical attention" for several months after the lineup "undermines his argument that he was seriously injured." *Id.* at *8. But that conclusion overlooked other evidence in the record. In particular, Adamson testified that after his initial appointment (when he was given ibuprofen), he put in three additional requests for medical attention while at the Nassau County Correctional Facility, but he was ignored each time. It is true that Adamson was not ultimately seen by a doctor until July—more than two months after the lineup—and that on that occasion he did not mention the alleged chokehold. But taking Adamson's testimony as true and drawing all permissible inferences in his favor (as we must), that delay could merely reflect ongoing indifference by the authorities to his injuries, as opposed to Adamson's own lack of concern about the injuries. And to the extent the district court believed it necessary for Adamson to produce additional corroborating evidence beyond his own testimony, *id.*, it was in error. *See Bellamy*, 914 F.3d at 746.

Construing the evidence in the light most favorable to Adamson, we conclude that a reasonable jury could return a verdict in his favor on his claim of deliberate indifference. We

7

therefore vacate the district court's grant of summary judgment on this claim.

## III. State Claims

The district court liberally construed Adamson's complaint and briefing to raise state law negligence claims against the City of New York based on the same allegations as those underlying his § 1983 claims. *Adamson v. City of New York*, No. 10-cv-2300 (NGG) (LB), 2019 WL 181299, at \*1–2 (E.D.N.Y. Jan. 10, 2019). The court granted summary judgment as to those claims, however, finding that they were essentially premised on the same theories of liability as Adamson's failed constitutional claims. *Id.* at \*3. Because we are vacating the grant of summary judgment as to Adamson's § 1983 claims, we vacate the summary judgment on the related negligence claims as well.

## IV. Reconsideration

Because we are vacating the district court's grant of summary judgment, the district court's denial of reconsideration as to that order is moot.

Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings.[3]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Upon remand, the district court should determine whether Adamson's § 1983 claims arise under the Eighth or Fourteenth Amendment. *See United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) ("[T]he Eighth Amendment's protection does not apply until after conviction and sentence[;] the right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment.").