*Thomas v. Wolf*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty.

PRESENT:  REENA RAGGI,
            RICHARD J. SULLIVAN,
            WILLIAM J. NARDINI,
              *Circuit Judges.*

------------------------------------------------------------------

JAMES THOMAS,

    *Plaintiff-Appellant*,

                 v.                       No. 19-1314

JANICE WOLF, Doctor at Sullivan Correctional Facility,

*Defendant-Appellee.*[*]

------------------------------------------------------------------

FOR APPELLANT:                    STEPHEN BERGSTEIN, Bergstein &
                                  Ullrich, LLP, New Paltz, NY.

FOR APPELLEE:                     AMIT R. VORA, Assistant Solicitor
                                  General (Barbara D. Underwood,
                                  Solicitor General, Anisha S. Dasgupta,
                                  Deputy Solicitor General, *on the brief*),
                                  *for* Letitia James, Attorney General,
                                  State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant James Thomas, an incarcerated inmate, appeals from a judgment of the district court dismissing his claims under 42 U.S.C. § 1983 against Defendant-Appellee Janice Wolf, a medical doctor at the Sullivan Correctional Facility. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

------

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6), "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, the complaint must plead enough facts "to state a claim to relief that is plausible on its face," such that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Courts need not accept legal conclusions as true, and "mere conclusory statements" are not enough to make a claim plausible. *Id.* While we construe *pro se* submissions liberally "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and internal quotation marks omitted), a *pro se* complaint must nevertheless contain "factual allegations sufficient to meet the plausibility requirement," *see Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

To state an Eighth Amendment claim against a prison official for providing inadequate medical care, an inmate must allege facts showing the offending official's "deliberate indifference to a prisoner's serious medical needs." *Id.* (brackets and internal quotation marks omitted). A deliberate indifference claim

3

has two elements. The first, which is objective, requires the inmate to show that he was "actually deprived of adequate medical care" by an official's failure "to take reasonable measures in response to a [sufficiently serious] medical condition." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006) (internal quotation marks omitted). The second element, which is subjective, requires the inmate to demonstrate that the official acted with a culpable state of mind of "subjective recklessness," *id.* at 280, such that the official knew of and consciously disregarded "an excessive risk to inmate health or safety," *Hill*, 657 F.3d at 122 (internal quotation marks omitted). "[M]ere allegations of negligent malpractice do not state a claim of deliberate indifference." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

As an initial matter, Thomas's threadbare complaint fails to satisfy the first, "objective," element because Thomas does not allege any facts from which we can plausibly infer that Dr. Wolf acted unreasonably in treating Thomas's back pain. Even when construed in Thomas's favor, the complaint lacks certain basic information about the extent of his injuries, the nature of his prior surgery, the frequency and dosage amounts of the oxycodone and morphine administered while he was in the hospital following his surgery, the length of time for which

4

those painkillers were prescribed, and the amount of time that elapsed between the surgery and Dr. Wolf's challenged treatment decisions. Thomas merely alleges that "the surgeons ordered" the medication he wanted, without specifying the number of doses, the strength of those doses, and the duration of that treatment. J. App'x at 13. Nor does Thomas allege any facts – such as those concerning his conversations with Dr. Wolf or with his other providers – to suggest that Dr. Wolf's decision to prescribe ibuprofen and muscle relaxants actually deprived him of adequate care. While there may be circumstances in which a doctor's refusal to prescribe a requested treatment regimen could constitute deliberate indifference, the pleadings here do not provide a basis from which to infer that Dr. Wolf ignored other reasonable measures to treat Thomas's condition.[1]

But even if Thomas could satisfy the first "objective" element, he clearly fails to allege facts that support a plausible claim that Dr. Wolf acted with conscious disregard of a substantial risk of serious harm. In his attempt to demonstrate Dr. Wolf's subjective culpability, Thomas argues that Dr. Wolf declined Thomas's request for stronger pain medication, took Thomas off pain medication when he

---

[1] As for Thomas's claim that he received insufficient physical therapy, the complaint does not allege that Dr. Wolf was responsible for any purportedly undue delay in treatment. J. App'x at 10. In any event, Thomas fails to allege that the number of physical therapy sessions he received was inconsistent with what was prescribed after his surgery or with what was appropriate under the circumstances.

reported stomach pain, and later said, "if you don't take [the] ibuprofen, then you won't get nothing." Thomas's Br. at 16–17.

None of these allegations, taken in the light most favorable to Thomas, raises an inference that Dr. Wolf's decisions were motivated by anything other than her medical judgment. Certainly, a medical doctor is not required to prescribe stronger pain medication on demand, and the mere fact that Dr. Wolf declined Thomas's requests for drugs more powerful (and potentially more addictive) than ibuprofen is insufficient to establish a culpable state of mind or callous disregard of an "excessive risk to inmate health or safety." *Hill*, 657 F.3d at 122 (internal quotation marks omitted). To be sure, "[i]n certain instances, a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1988) (internal quotation marks omitted). But Thomas has not alleged facts that would allow us to plausibly infer that any alternative treatment plan would have been better overall, let alone that Dr. Wolf had any improper reason to eschew the better treatment. *See Hill*, 657 F.3d at 123–24 (upholding dismissal without leave to amend where complaint contained "no allegation that either medical provider acted with a culpable state of mind," even if plaintiff could show that "another

doctor subsequently prescribed different pain medication"); *Chance*, 143 F.3d at 703 (permitting Eighth Amendment claim to proceed where plaintiff alleged that his doctors passed over less invasive yet effective treatment "not on the basis of their medical views, but because of monetary incentives"). At most, Thomas has alleged negligence, which is insufficient to support an Eighth Amendment claim. *See Hathaway*, 99 F.3d at 553. The district court therefore properly dismissed his complaint for failure to state a claim.

We have considered Thomas's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7